1

2

3

4

5                              IN THE UNITED STATES DISTRICT COURT

6                              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8
        JULIAN DUCHESNE,                          )
9                                                 )
                     Plaintiff(s),                )       No. C 05-4424 CRB (PR)
10                                                )
              vs.                                 )       ORDER OF DISMISSAL
11                                                )
        COUNTY OF SANTA CLARA, et al.,            )       (Doc # 2)
12                                                )
                     Defendant(s).                )
13      ───────────────────────────────          )

14

15              Plaintiff, a pretrial detainee at the Santa Clara County Jail, has filed a pro se

16      civil rights complaint under 42 U.S.C. § 1983 seeking damages for allegedly

17      unconstitutional criminal prosecution and detention.  Plaintiff also seeks to

18      proceed in forma pauperis under 28 U.S.C. § 1915.

19                                        **DISCUSSION**

20      A.      Standard of Review

21              Federal courts must engage in a preliminary screening of cases in which

22      prisoners seek redress from a governmental entity or officer or employee of a

23      governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

24      claims or dismiss the complaint, or any portion of the complaint, if the complaint

25      "is frivolous, malicious, or fails to state a claim upon which relief may be granted,"

26      or "seeks monetary relief from a defendant who is immune from such relief."  Id. §

27      1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v.

28      Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983 and must be dismissed. Id. at 487.

Heck also bars claims which necessarily implicate the validity of pending criminal charges. See Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000). Civil claims which necessarily implicate the validity of pending criminal charges, as do plaintiff's civil claims here, do not accrue until after one has succeeded in the criminal realm. See id. (citing Heck). Plaintiff's allegations therefore fail to state a cognizable claim under § 1983 and must be DISMISSED without prejudice. See Edwards v. Balisok, 520 U.S. 641, 649 (1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).[1]

---

[1]And to whatever extent plaintiff seeks to challenge the constitutionality of his detention, his sole remedy is to file a petition for writ of habeas corpus under the habeas sections of Title 28. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998). Any such claim therefore is dismissed without prejudice. See Trimble, 49 F.3d at 586.

2

**CONCLUSION**

For the foregoing reasons, plaintiff's request to proceed in forma pauperis (doc # 2) is DENIED and the instant allegations are DISMISSED without prejudice to reasserting them in a new complaint if a cause of action accrues. <u>See</u> 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot and close the file. No fee is due.

SO ORDERED.

DATED: __Nov. 4, 2005__

_____
CHARLES R. BREYER
United States District Judge

3